LINKS: 6, 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-05020 GAF (VBKx) | Date | June 29, 2012 |
|---|---|---|---|
| Title | MPH Property Group, LLC v. Avedis Barsoumian et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Chris Silva for Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** (In Chambers)

## ORDER REMANDING CASE

### I.
### INTRODUCTION & BACKGROUND

On April 18, 2012, Plaintiff MPH Property Group LLC filed an unlawful detainer complaint against Defendants Avedis Barsoumian and Maria Barsoumian in Los Angeles County Superior Court. (Docket No. 1, Not., Ex. 1 [Compl.].) The complaint alleges that Plaintiff purchased Defendants' real property in Torrance, California by virtue of a lawful foreclosure sale on March 22, 2012, and that Defendants have continued to possess the premises despite Plaintiff's demand to quit. (Id. ¶¶ 2-5.)

Defendant Maria Barsoumian removed the action to this Court on June 8, 2012, invoking this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Not. at 3–4.) On June 22, 2012, Plaintiff filed both an ex parte application and a noticed motion to remand the case back to Los Angeles County Superior Court. Although ex parte relief is not warranted, because the Court concludes that the lawsuit does not arise under federal law, the Court **GRANTS** the motion and **REMANDS** the case to Los Angeles County Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-05020 GAF (VBKx) | Date | June 29, 2012 |
|---|---|---|---|
| Title | MPH Property Group, LLC v. Avedis Barsoumian et al. | | |

**II.
DISCUSSION**

**A. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29.

Nevertheless, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

LINKS: 6, 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-05020 GAF (VBKx) | Date | June 29, 2012 |
|---|---|---|---|
| Title | MPH Property Group, LLC v. Avedis Barsoumian et al. | | |

**B. APPLICATION**

In her notice of removal, Defendant Maria Barsoumian contends that the Court has jurisdiction under 28 U.S.C. §§ 1331 because Plaintiff has violated Defendants' rights under the Fourth Amendment of the United States Constitution.  (Not. at 1, 3-4.)  It is undisputed, however, that Plaintiff's complaint does not explicitly plead a federal cause of action.  Nor is there any basis for finding that Plaintiff engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981).  "An unlawful detainer action is a true state law claim."  Homesales, Inc. v. Frierson, No. CV 08-08607 MMM (FMOx), 2009 WL 365663, at *2 n.8 (C.D. Cal. Feb. 11, 2009).

Therefore, removal jurisdiction is lacking, even if Defendant intends to assert a defense based exclusively on federal law.  See Valles, 410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court"); see also U.S. Nat'l Ass'n v. Almanza, No. 1:09-CV-28 AWI DLB, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding a state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question").

### III.
### CONCLUSION

Based on the foregoing, Defendant has not established that federal subject matter jurisdiction exists.  Accordingly, Plaintiff's motion to remand is **GRANTED** and the Court **REMANDS** this action to Los Angeles County Superior Court.  The hearing scheduled for July 16, 2012 is **VACATED.**

**IT IS SO ORDERED.**